UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-06491 DMG (FFMx)** | Date | September 20, 2010 |
|---|---|---|---|

| Title | ***Deutsche Bank National Trust Company v. Harvey Hixon, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

On October 14, 2009, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint in Los Angeles County Superior Court against Defendant Harvey Hixon and Doe defendants 1 through 100 for unlawful detainer. Deutsche Bank seeks possession of real property following a foreclosure. Deutsche Bank demands less than $10,000 in damages. (Notice of Removal, Ex. 1.)

Defendant removed this case to federal court on August 31, 2010 pursuant to 28 U.S.C. § 1443(1), which permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." (*See* Notice of Removal ¶ 4.)

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted).

It appears that the crux of Defendant's argument for removal is that the state procedures governing unlawful detainer actions violate federal equal protection because they "only provide[] a remedy for bona fide purchasers." (Notice of Removal at 4.) Even if true, Defendant's allegations fail to state a basis for removal under 28 U.S.C. § 1443(1).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk ys |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-06491 DMG (FFMx)** | Date | September 20, 2010 |
|---|---|---|---|

| Title | *Deutsche Bank National Trust Company v. Harvey Hixon, et al.* | Page | 2 of 2 |
|---|---|---|---|

      Moreover, it appears that Defendant's Notice of Removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Defendant filed a demurrer to the complaint on November 20, 2009 (Notice of Removal, Ex. 2), by which time he evidently had received a copy of the complaint. Defendant did not file the Notice of Removal, however, until more than nine months later.

      Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court. Defendant shall file his response by **October 4, 2010**.

**IT IS SO ORDERED.**