# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>HARVEY HIXON, et al.,<br><br>            Defendants. | Case No. CV 10-06491 DMG (FFMx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT [JS 6]** |

On October 14, 2009, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint in Los Angeles County Superior Court against Defendant Harvey Hixon and Doe defendants 1 through 100 for unlawful detainer. Deutsche Bank seeks possession of real property following a foreclosure. Deutsche Bank demands less than $10,000 in damages. (Notice of Removal, Ex. 1.)

Defendant removed this case to federal court on August 31, 2010. On September 20, 2010, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded for improper removal. Defendant's response to the OSC was due on October 4, 2010. That deadline has now passed, and Plaintiff has not filed a response to the OSC.

The removal statute that Defendant invokes, 28 U.S.C. § 1443(1), permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted).

The crux of Defendant's argument for removal is that the state procedures governing unlawful detainer actions violate federal equal protection because they "only provide[] a remedy for bona fide purchasers." (Notice of Removal at 4.) Even if true, Defendant's allegations fail to state a basis for removal under 28 U.S.C. § 1443(1).

Moreover, Defendant's Notice of Removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Defendant filed a demurrer to the complaint on November 20, 2009 (Notice of Removal, Ex. 2), by which time he evidently had received a copy of the complaint. Defendant did not file the Notice of Removal, however, until more than nine months later. Because Defendant's Notice of Removal was untimely, the Court lacks jurisdiction on that basis as well.

1 In light of the foregoing, this action is hereby REMANDED to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

DATED: October 5, 2010

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE